**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

IRENE PAPOUTSIS MULKERIN,

        Appellant

    v.

ESQ. STEVEN M. CARR,

        Appellee

CIVIL ACTION NO. 1:26-CV-455

(MEHALCHICK, J.)

**BANKRUPTCY APPEAL PRACTICE ORDER**

**AND NOW**, this 25th day of February, 2026, for the purpose of establishing practices and procedures to govern the above-captioned civil actions, **IT IS HEREBY ORDERED** that:

1. The practices and procedures in the above-captioned civil action shall be in accordance with the Federal Rules of Civil Procedure and the Local Rules of Court, expect as modified by this order and other orders of this court.

2. Counsel and *pro se* parties are responsible for reading this order thoroughly upon receipt and for reviewing it regularly as the case proceeds. A *pro se* party shall have all the duties that would normally be placed upon their counsel by the Federal Rules, Local Rules, this order, and other orders of this court, unless otherwise noted.

3. All written communication with the court shall be filed to CM/ECF. Correspondence should not be mailed, emailed, or faxed to chambers. Counsel shall not copy the court on correspondence between counsel unless specifically invited to do so by the court.

4. Courtesy copies of motions, briefs, exhibits, and other filings are discouraged unless the submission is voluminous. Counsel should contact chambers at (570) 207-5740 if unsure whether a courtesy copy is appropriate. This rule shall not apply to *pro se* litigants, who shall file all documents in hard copy with the Clerk of Court.

5. Inquiries concerning scheduling matters, courtroom logistics, and other matters should be directed to chambers at (570) 207-5740.

6. Pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure, the parties are expected to comply with, *inter alia*, the following:

1

a. Federal Rule of Bankruptcy Procedure 8009(a)(1) provides that within **14 days** of the filing of the Notice of Appeal, the appellant must file with the bankruptcy clerk and serve on the appellee a Adesignation of the items to be included in the record on appeal and a statement of the issues to be presented.

b. Federal Rule of Bankruptcy Procedure 8018(a) provides that the appellant must serve and file a brief within **30 days** after entry of the appeal on the docket.

c. Federal Rule of Bankruptcy Procedure 8018(b)(1) provides that the appellant must serve and file with its principal brief excerpts of the record as an appendix. It must contain the following:

    i. the relevant entries in the bankruptcy docket;

    ii. the complaint and answer, or other equivalent filings;

    iii. the judgment, order, or decree from which the appeal is taken;

    iv. any other orders, pleadings, jury instructions, findings, conclusions, or opinions relevant to the appeal;

    v. the notice of appeal; and

    vi. any relevant transcript or portion of it.

d. Federal Rule of Bankruptcy Procedure 8018(b)(1) provides that the appellee must serve and file an opposition brief within **thirty (30) days** after service of the appellant's brief. The appellee may also serve and file with its brief an appendix that contains material required to be included by the appellant or relevant to the appeal or cross-appeal, but omitted by the appellant.

e. Federal Rule of Bankruptcy Procedure 8018(a)(3) provides that the appellant may serve and file a reply brief within **fourteen (14) days** after service of the appellee=s brief, but a reply brief must be filed at least 7 days before scheduled argument unless the district court or BAP, for good cause, allows a later filing. Any further briefing is prohibited except by leave of the court.

f. Federal Rule of Bankruptcy Procedure 8013 provides that motions requesting an order or other relief may be filed by filing a motion with the district or bankruptcy clerk, with proof of service on the other parties to the appeal. A response to the motion may be filed (except motions for procedural orders) by any party within seven (7) days after the service of the

motion. The movant may file a reply to a response within seven (7) days after service of the response.

g. All bankruptcy appeals will be disposed of by briefs unless the court, either by request of counsel, or in its discretion, determines that a hearing is necessary.

7. Counsel, as well as parties acting without counsel, are expected to comply with Rules 8001, *et seq.*, and are specifically advised that they may not enter into any agreements for extensions of time without court approval.

8. Increased use of Artificial Intelligence ("AI"), particularly Generative AI(including, but not limited to, OpenAI's ChatGPT or Google's Bard), in the practice of law raises a number of practical concerns for the Court, including the risk that the generative AI tool might generate legally or factually incorrect information, or that it might create unsupported or nonexistent legal citations. As such, any party, whether appearing *pro se* or through counsel, who utilizes any generative AI tool in the preparation of any document to be filed in any matter pending before Judge Mehalchick, must include with the document a Certificate of Use of Generative AI in which the party must disclose and certify:

a. The specific AI tool that was used;

b. The portions of the filing prepared by the AI program; and

c. That a person has checked the accuracy of any portion of the document generated by AI, including all citations and legal authority.

Failure to comply with this Order may result in sanctions. Further, all parties and counsel are directed to review the conclusions on pages 15 and 16 of the **Joint Formal Opinion of the Pennsylvania Bar Association and Philadelphia Bar Association regarding the use of Artificial Intelligence** and be mindful of their ethical and professional obligations before this Court.

9. To the extent any provisions of this order conflicts with any Local Rule or any standing order of this court, the conflicting provision of this order shall control and the Local Rule or standing order shall be suspended.

**BY THE COURT:**

*s/Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

3